## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

Yongqiang Li,

              Plaintiff,

    – against –

Kevin McAleenan, Acting Secretary of the U.S.
Department of Homeland Security;
Kenneth Cuccinelli, Acting Director of the U.S.
Citizenship and Immigration Services;
Gregory A. Richardson, Director of the Texas Service
Center of the U.S. Citizenship and Immigration
Service; and
Christopher A. Wray, Director of the Federal Bureau of
Investigation,

              Defendants.

**COMPLAINT
FOR AN
ACTION OF MANDAMUS**

Case Number:
**19-cv-5836**

Administrative File No.:

SRC1690403744
(A079813476)

---

## COMPLAINT FOR AN ACTION OF MANDAMUS

1.  This is an action brought pursuant to the Administrative Procedure Act, 5 U.S.C. Sec. 551 et seq., and the Mandamus Act, 28 U.S.C. Sec. 1361 et seq., for declaratory and mandamus relief, specifically for an order to compel an officer or employee of the United States to perform a duty owed to Plaintiff.

**PARTIES**

2.  Plaintiff Yongqiang Li is a national of China, and was granted asylum status in the United States by a U.S. Immigration Judge. Subsequently, upon becoming eligible for U.S. permanent residency, he filed with the U.S. Citizenship and Immigration Services (hereinafter "USCIS") an I-485 Application to Register Permanent Residence (the "I-485 Application") to register his new status in the United States.

3.  Defendant Kevin McAleenan is sued in his official capacity as Acting Secretary of the U.S. Department of Homeland Security (hereinafter "DHS"), the federal executive department that oversees USCIS. As such, he is charged with the administration of USCIS, and executing the pertinent immigration laws and regulations of the United States.

4.  Defendant Kenneth Cuccinelli is sued in his official capacity as Acting Director of USCIS. As such, he is charged with the duty of overseeing the various districts and service centers of USCIS, and executing the pertinent immigration laws and regulations of the United States.

5.  Defendant Gregory A. Richardson is sued in his official capacity as Director of the USCIS Texas Service Center. The USCIS Texas Service Center processes immigration applications arising from New York. As such, he is charged with the duty of the administration of all the functions, powers, and duties of USCIS.

6.  Defendant Christopher A. Wray is sued in his official capacity as Director of the Federal Bureau of Investigation (hereinafter "FBI"). The FBI is the agency responsible for completing

security checks, including name and fingerprint checks, for applicants for immigration benefits.

## JURISDICTION AND VENUE

7.  Jurisdiction is proper in this Court pursuant to the Administrative Procedure Act, 5 U.S.C. Sec. 551 et. seq.; the Mandamus Act, 28 U.S.C. Sec. 1361 et seq., and; 28 U.S.C. 1331 et seq.

8.  Venue is proper as Plaintiff resides in New York County, New York, which is within the territorial jurisdiction of this Court.

## CLAIM FOR RELIEF

### A.  The Filed USCIS Application

9.  Plaintiff Yongqiang Li is an asylee relative whose I-730 Application was approved by USCIS on August 13, 2015. A USCIS Notice of Action for the I-730 Application is annexed hereto in Exhibit A.

10. Based upon his new immigration status as an asylee, and upon obtaining eligibility after one year, Plaintiff Yongqiang Li filed the I-485 Application with USCIS (Receipt No. SRC1690403744) to register for status as a U.S. permanent resident. The application was filed in August 2016 and is within the jurisdiction of the USCIS Texas Service Center. A USCIS Notice of Action for the I-485 Application is annexed hereto in Exhibit B.

11. Shortly after filing the I-485 Application, Plaintiff Yongqiang Li received an appointment notice from USCIS, requiring him to appear for fingerprinting and biometric capturing. He complied with such notice and appeared at the scheduled appointment on September 22, 2016. A USCIS Notice of Action with a stamp evidencing appearance at such biometrics appointment is annexed hereto in Exhibit C.

12. Other than the appointment notice for the fingerprinting and biometrics that Plaintiff received and complied with, Plaintiff Yongqiang Li has heard nothing further of substance from USCIS regarding the pending I-485 Application.

**B.  Current Application Status**

13. As of the date of this complaint, the online case status on the USCIS website indicates that the I-485 Application is still being processed by USCIS. A printout of the USCIS online case status is annexed hereto in Exhibit D.

14. As of the date of this Complaint, the I-485 Application has been pending with USCIS for two years and ten months since initially filed in August 2016.

15. Upon information and belief, the normal timeframe prescribed by Defendants for processing and adjudicating an I-485 Application is approximately seven to twenty-eight months. According to the USCIS website, as of the end of June 2019 the Texas Service Center was processing asylum-based I-485 applications filed in February 2017. A printout of "USCIS Processing Time Information for the Texas Service Center" is annexed hereto as Exhibit E.

16. Thus, it is clear and indisputable that Defendants have failed to act on the I-485 Application for an unreasonable amount of time that is far from normal or typical processing times.

**C.  Exhaustion and Injury**

17. Plaintiff has repeatedly sought to resolve the delay in getting the pending I-485 Application processed by submitting case inquiries to USCIS, personally and/or through counsel's office, via telephone, mail, and internet. An example of one such inquiry is annexed hereto as Exhibit F. However, Defendants have nonetheless still been reluctant to respond with material case status details and to process the application, as required by the law and facts. Thus, Plaintiff has exhausted his administrative remedies. Hence this complaint.

18. As a result of Defendants' willful and unreasonably long delay in processing the I-485 Application, Plaintiff Yongqiang Li is unable to obtain immigration status and benefits for which he is eligible for by law, and he has been deprived peace of mind. Hence this complaint.

19. The I-485 Application was respectively filed with all required forms, filing fees, and documentation establishing eligibility for the requested immigration status. Thus, Defendants have sufficient information to adjudicate the pending application. Hence this complaint.

20. Plaintiff submits that Defendants must be ordered to process the I-485 Application within a reasonable and customary time per their own published processing times, and according to the law and facts.

21. Defendants have unreasonably delayed the processing and adjudicating the I-485 Application, thereby depriving Plaintiff of the right to enjoy the benefits of said right of his respective immigration status. Defendants owe Plaintiff the duty to process and adjudicate the I-485 Application, and have unreasonably failed to perform that duty. Hence this complaint.

22. Under Title 8 of the Code of Federal Regulations Section 209, and INA § 203 [8 U.S.C. § 1153], Plaintiff has the right of having the I-485 Application processed and adjudicated. Defendants are duty bound under the law to process this Application. However, Defendants have continuously not responded to such requests and have been reluctant to adjudicate the Application in contravention to the aforementioned regulation and statute, as well as per their own published processing times. Hence this complaint.

23. As indicated before, Plaintiff has made numerous attempts to resolve this matter. As such, Plaintiff has exhausted all administrative remedies that may exist. No other remedy exists for Plaintiff to resolve Defendants' delay, which has been ongoing for almost three years for the I-485 Application.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court will:

a.  Issue an Order compelling Defendants to perform their duty to process and adjudicate the

   I-485 Application;

b.  Issue an Order awarding attorney's fees and costs to Plaintiff; and

c.  Grant any other and further relief that this Honorable Court deems just and proper.


Dated: June 21, 2019
       New York, New York


                                        /s/ Marta Bachynska
                                        Marta Bachynska, Esq.
                                        *Attorney for Plaintiff*
                                        Law Offices of Yevgeny Samokhleb, P.C.
                                        299 Broadway, Suite 1005
                                        New York, NY 10007
                                        Tel: (212) 219-2297
                                        Fax: (212) 966-6683